UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Matthew T. Hinton, | Civil Action No. 5:18-2617-BHH |
| Petitioner, | |
| v. | **OPINION AND ORDER** |
| Randall Williams, Warden of Lieber Correctional Institution, | |
| Respondent. | |

Petitioner Matthew T. Hinton ("Petitioner"), an inmate at the Lieber Correctional Institution of the South Carolina Department of Corrections, filed this counseled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c), D.S.C., this matter was referred to United States Magistrate Judge Kaymani D. West, for pre-trial proceedings and a Report and Recommendation ("Report"). In the Report, Magistrate Judge West recommends that Respondent Warden of Lieber Correctional Institution, Randall Williams' ("Respondent") motion for summary judgment (ECF Nos. 23 & 24) be granted and this case be dismissed because Petitioner's claims are barred by the statute of limitations. (ECF No. 35.) The Report sets forth in detail the relevant facts and standards of law, and the Court incorporates them here without recitation.[1]

---

[1] As always, the Court says only what is necessary to address Peitioner's objections against the already meaningful backdrop of a thorough Report and Recommendation by the Magistrate Judge; comprehensive recitation of law and fact exist there.

1

## BACKGROUND

Magistrate Judge West issued the Report on September 13, 2019. (ECF No. 35.) On September 27, 2019, Petitioner filed objections to the Report asserting that the statute of limitations should be equitably tolled. (ECF No. 36.) Respondent filed a response to Petitioner's objections on October 11, 2019. (ECF No. 37.) The matter is ripe for consideration and the Court now issues the following ruling.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## DISCUSSION

Petitioner filed his § 2254 petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), and review of his claims is governed by

28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997). The statute of limitations for § 2254 petitions is set forth in 28 U.S.C. § 2244, which states:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). In other words, subject to the tolling provision, a habeas petitioner has one year in which to timely file his petition. *See id.*

The Magistrate Judge concluded that Petitioner did not file his habeas action until eighty-six (86) days after the statute of limitations had run, and that his claims must be dismissed because they are untimely under 28 U.S.C. § 2244(d). (ECF No. 35 at 6–7.) She further found that equitable tolling of the statute of limitations is not merited because Petitioner has not shown that extraordinary circumstances beyond his control prevented him from timely filing his petition. (*Id.* at 7–8.)

Petitioner acknowledges that his habeas petition is untimely, but objects to the Magistrate Judge's conclusion that the statute of limitations should not be equitably tolled.

(*See* ECF No. 36 at 1–2.) Petitioner argues that he is "entitled to equitable tolling due to the continued ineffective assistance of trial counsel as evidenced by his failure to provide his files to PCR counsel after numerous requests." (*Id.*) Petitioner contends that PCR counsel "made several attempts to obtain the file in order to properly prepare his state petition, and even began to subpoena the file after those requests were ignored." (*Id.* at 2.) He asserts that "[t]hose efforts demonstrate that Petitioner pursued his rights diligently, and trial counsel's refusal to provide the files delayed the filing of his state PCR, which in turn affected the time he had to file the instant petition." (*Id.*)

> The Fourth Circuit has stated regarding the application of equitable tolling:
>
> [A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation. We believe, therefore, that any resort to equity must be reserved for those rare instances where-due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result.

*Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000) (holding that a mistake by a party's counsel in interpreting the statute of limitations does not present the extraordinary circumstances necessary to invoke equitable tolling). Any difficulties that PCR counsel had in obtaining a complete copy of Petitioner's trial counsel's file did not prevent PCR counsel from timely filing an extensive PCR application in state court, nor did they prevent federal habeas counsel from timely filing the instant petition. *See, e.g.*, *Martucci v. Cartledge*, No. 0:15-CV-01909-JMC, 2016 WL 4727445 (D.S.C. Sept. 12, 2016) (holding petitioner convicted of homicide by child abuse in state court whose federal habeas

4

petition was filed in violation of the AEDPA statute of limitations was not entitled to equitable tolling because even if court accepted petitioner's argument that trial counsel caused delay in filing of state PCR action, petitioner had no valid reason for not filing federal habeas petition in timely fashion where issues were not novel). The Court agrees with the conclusion of the Magistrate Judge that Petitioner has not made a sufficient showing of extraordinary circumstances in order to justify equitable tolling in this case. Neither has Petitioner revealed any other error in the Magistrate Judge's reasoning or findings. Accordingly, Petitioner's objections (ECF No. 36) are overruled and the Report is adopted without modification.

## CERTIFICATE OF APPEALABILITY

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability. . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims to be debatable or wrong and that any dispositive procedural ruling by this Court is likewise debatable. *See Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is denied.

## **CONCLUSION**

For the reasons stated above and by the Magistrate Judge, the Court overrules Plaintiff's objections, and adopts and incorporates the Magistrate Judge's Report (ECF No. 35). Therefore, the motion for summary judgment (ECF Nos. 23 & 24) is GRANTED to the extent that it argues the petition for a writ of habeas corpus is untimely. The habeas petition (ECF No. 1) is DENIED and DISMISSED *with prejudice*.

**IT IS SO ORDERED.**

/s/Bruce Howe Hendricks
United States District Judge

March 3, 2020
Charleston, South Carolina

*****

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified that any right to appeal this Order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure.